**Leon W. HASTINGS,**

v.

**UNION BOILER COMPANY et al.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1986.
Decided Dec. 5, 1986.

Bornstein & Hovermale, Douglas S. Kaplan (orally), Portland, for plaintiff.

Peter J. Brann (orally), Asst. Atty. Gen., Augusta, for Tucker & Tierney.

Mark V. Franco (orally), James Bowie, Portland, for Union Boiler & Aetna.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Leon W. Hastings appeals from a judgment of the Superior Court, Cumberland County, dismissing pursuant to M.R.Civ.P. 12(b) his complaint against Union Boiler Company and the Chairman of the Workers' Compensation Commission. The plaintiff's only contention is that he is entitled to Superior Court review of the action of the commission pursuant to 5 M.R.S.A. § 11001(1) (Pamph.1986). Because we do not agree with his contention, we affirm the judgment.

Section 11001(1) of the Administrative Procedure Act provides in pertinent part as follows:

Except where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter.

Hastings contends that the exception relating to direct review by the Supreme Judicial Court applies only when a petition for appellate review filed pursuant to 39 M.R.S.A. § 103–C (Pamph.1986) has been granted. Because his petition was denied, Hastings argues, the Workers' Compensation Act did not provide for direct review so as to trigger the APA exception in this case. Hastings would have the exception clause apply only when a Workers' Compensation appellant obtains plenary appellate review. We think the Legislature intended otherwise. The plain language of section 11001(1) excludes from the APA provision for Superior Court review of agency action any decision of the Workers' Compensation Commission because 39 M.R.S.A. § 103–C *provides* for direct review by the Supreme Judicial Court without regard to whether an appellant *obtains* plenary appellate review. We need not and do not consider any other issue on this appeal.

The entry is:

Judgment affirmed.

All concurring.